UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Washington, DC

| | | |
|---|---|---|
| SHEILA CLOONAN<br>850 Mallery Street, L-1<br>St. Simons Island, GA 31522<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL B. MUKASEY<br>Attorney General of the United States<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001<br>Attorney General for<br><br>JEFFREY A. TAYLOR (for Service Only)<br>United States Attorney for<br>   the District of Columbia,<br>555 Fourth Street, N.W.<br>Washington, DC 20001<br><br>JOHN F. CLARK<br>Director, United States Marshal Services,<br>U. S. Marshal's Service Headquarters<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001<br><br>PAUL T. STEIN, ESQUIRE,<br>c/o Stein, Sperling, Bennett, DeJong,<br>   Driscoll & Greenfeig, P.C.<br>25 West Middle Lane<br>Rockville, MD 20850-2204<br><br>DAVID BARNES<br>c/o U. S. Marshal's Service Headquarters<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: _____<br><br>**JURY TRIAL DEMANDED**<br>(as to Defamation Count) |

## COMPLAINT

Comes now the Plaintiff, Sheila Coonan, by counsel, Kevin Byrnes of Grad, Logan & Klewans, P.C., and files this Complaint as follows:

## SUMMARY

1. This is an action for defamation and violation of the Privacy Act by Sheila Cloonan, an employee of the U.S. Marshals Service, against the U.S. Marshals Service, David Barnes and Paul T. Stein. Ms. Cloonan is a long time member of the Marshals Service who in the past complained about the conduct and practices used by Mr. Barnes. Ms. Cloonan's claims included allegations of whistleblower reprisal, sexual discrimination and mismanagement.

2. On October 22, 2007, during an administrative complaint which named the Agency as the sole respondent, David Barnes and his attorney, Paul T. Stein, of Stein Sperling, Bennett, DeJong, Driscoll & Greenfeig, P.C., published a defamatory letter concerning Ms. Cloonan in an attempt to disparage her before Administrative Judges, the Office of Special Counsel, her Agency Director and others. It should be noted that Mr. Barnes was not a named defendant in that proceeding.

3. In an act of maliciousness and gratuitous retaliation, Mr. Barnes, through his legal representative, accused Ms. Cloonan of fraud, misrepresentation and criminal conduct. Mr. Barnes and his attorney also accused Ms. Cloonan and the undersigned counsel of unethical conduct in the hope of advancing their civil positions.

4. The gravamen of the offense here, however, is that Mr. Barnes and his attorney utilized and disseminated information from the Agency personnel records and/or falsely represented the facts contained in those records, in blatant violation of the Privacy Act.

2

5. Plaintiff suspects that Agency's counsel colluded in this misuse and dissemination, and notes that the Agency refused to take action to limit the disclosure or punish Mr. Barnes after being notified of the dissemination.

6. Plaintiff now prays for damages, fees, costs and injunctive relief against the Agency and for damages, fees and costs against Mr. Barnes and Mr. Stein in their individual capacities.

## **PARTIES**

7. Sheila Cloonan is a federal employee of the U.S. Marshals Service and a resident of the State of Georgia. At all times relevant to this complaint, Ms. Cloonan was employed as a GS-13, Step 6, by the U.S. Marshals Service.

8. John Clark is the Director of the U.S. Marshals Service, which is a component of the U.S. Department of Justice; it is not believed that Mr. Clark has any personal knowledge of the facts leading to this complaint, other than being a recipient of the defamatory publication.

9. Michael Mukasey is the Attorney General of the U.S. Department of Justice and is an essential party. Mr. Mukasey is, however, a nominal party only and is named ex officio. He is not believed to have any personal knowledge of the facts giving rise to this complaint.

10. David Barnes is on information and belief a citizen of the State of West Virginia and was at all times relevant to this complaint employed as a supervisory official in the Department of Justice, U.S. Marshals Service. Mr. Barnes is named in his official capacity with respect to the violation of the Privacy Act; and as defamation is a personal tort, he is also named in his individual capacity.

11. Paul T. Stein is on information and belief a citizen of the State of Maryland. He is an attorney licensed to practice law in the State of Maryland and a partner in Stein, Sperling,

3

Bennett, DeJong, Driscoll & Greenfeig, P.C., of Rockville, Maryland. As Mr. Stein disseminated and published defamatory information, he is named as a defendant.

## JURISDICTION

12. Federal jurisdiction is based on 5 U.S.C. § 552a (the Privacy Act).

13. Jurisdiction in federal court for the defamation claims against Messrs. Barnes and Stein is predicated on 28 U.S.C. §1332 (a)(1) (diversity of citizenship) in that Messrs. Barnes and Stein are citizens of different states, West Virginia and Maryland; and Ms. Cloonan is a resident of Georgia.

14. The Court has supplemental jurisdiction under 28 U.S.C. §1367 because Plaintiff's claims against the individual defendants are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

## VENUE

15. Venue is proper in the District of Columbia pursuant to the Privacy Act, 5 U.S.C. § 552a, which authorizes suits in the U.S. District Court for the District of Columbia on any Privacy Act suit.

16. Venue is proper against the individual defendants on both diversity grounds and on grounds of pendent jurisdiction; and due to the fact that the acts complained of were directed toward and caused harm to Plaintiff in the District of Columbia.

## FACTS

17. Plaintiff Sheila Cloonan is a long time employee of the U.S. Marshals Service.

18. Ms. Cloonan is currently employed at the U. S. Marshal's Service Training Academy in Glynco, Georgia, as a management analyst.

19. Beginning in 2004 and continuing until the present, David Barnes has been the subject of numerous complaints from employees, including Ms. Cloonan.

20. In 2004, Mr. Barnes became the subject of an investigation by the Office of Inspector General. The investigation reviewed allegations that he had engaged in misconduct related to the operation of a van pool and to his use of certain congressionally targeted funds.

21. Ms. Cloonan was a witness in that investigation and provided a statement to the Office of Inspector General.

22. In February, 2006, Ms. Cloonan filed a complaint with the Department of Labor claiming an unsafe work environment due to Mr. Barnes misapplication of funds. The Department of Labor, Office of Safety and Health Administration, subsequently determined that Ms. Cloonan's complaint was well founded.

23. In 2007, Ms. Cloonan was subjected to what she believed to be whistleblower reprisal for her participation in the Office of Inspector General investigation. Specifically, Ms. Cloonan alleged before the Office of Special Counsel that Mr. Barnes had misused funds allocated by Congress as safety and health funds to other uses.

24. At the same time Ms. Cloonan filed an allegation with the U.S. Marshals Service's Equal Employment Opportunity Office contending that she was the victim of sex and age discrimination based on a pattern and practice of Mr. Barnes to promote only white males.

25. In June, 2007, Ms. Cloonan was subjected to an involuntary transfer and downgrade by the U.S. Marshals Service.

26. At the time of this personnel action, David Barnes was the Chief Management and Administration Officer and would have had notice of, and possible involvement in, Ms. Cloonan's grade reduction and reassignment.

27. On June 29, 2007, Ms. Cloonan also filed a complaint with the Agency's Equal Employment Opportunity Office claiming that her demotion was an act of discrimination. This complaint is still pending.

28. On August 3, 2007, Ms. Cloonan filed an administrative appeal with the MSPB challenging her reassignment and reduction in grade.

29. Ms. Cloonan subsequently identified Mr. Barnes in that appeal.

30. The Appeal was filed against that Agency, which was represented by Mr. Joseph Band, Esquire.

31. David Barnes was a possible witness to, but not a party to, the action.

32. On October 22, 2007, Paul T. Stein submitted a letter to Joseph Band, which he copied to the following individuals:

Scott Bloch, Director, Officer of Special Counsel

John Clark, Director, U. S. Marshals Service

Anthony Cummings, MSPB Administrative Law Judge

Joann Grady, U. S. Marshals Service, Equal Employment Opportunity Officer

Jacob Stein, Partner, Stein, Sperling, Bennett, DeJong, Driscoll & Greenfeig, P.C.

Kevin Byrnes, Attorney for Sheila Cloonan

33. Plaintiff is uncertain whether the Agency reviewed, authorized or colluded in the drafting or issuance of the October 22, 2008, letter.

34. The letter which is attached as Exhibit 1 was clearly malicious and defamatory. Further, it relied upon information obtained by David Barnes in his official capacity as a supervisory employee of the Agency.

35. In the October 22, 2008, submission, David Barnes' attorney, Paul Stein, specifically refers to several facts that were contained in a system of records retrievable under Ms. Cloonan's name.

36. First, Mr. Stein refers to Ms. Cloonan's "employment record." Further, Mr. Stein comments from the "record" that Ms. Cloonan was a disruptive employee who exhibits signs of mental instability. Mr. Stein also refers to written records pertaining to statements Ms. Cloonan made in the workplace and details her various Equal Employment Opportunity Complaints and the results.

37. It should be noted that materials submitted with respect to an Equal Employment Opportunity (EEO) Complaint are subject to the Privacy Act. Indeed, EEO complaint forms and requests for statements contain a warning that the information gathered for the EEO process is subject to Privacy Act protection.

## COUNT ONE:
## VIOLATION OF THE PRIVACY ACT

38. Mr. Barnes, through his agent, violated the Privacy Act by collecting and disseminating Privacy Act protected information. Mr. Barnes did so intentionally and maliciously.

39. Intentional violations of the Privacy Act are not only violations of civil law, they amount to criminal conduct, 5 U.S.C. § 552.

40. On October 26, 2007, the Agency was notified of the violation of the Privacy Act by Mr. Barnes. See Exhibit 2.

41. The Agency undertook neither an investigation of, nor any corrective action with respect to, the Privacy Act violation.

42. The Privacy Act violation has caused damage to Ms. Cloonan.

43. Ms. Cloonan is entitled to actual damages, statutory damages and all attorney fees and costs as a result of the violation.

## COUNT TWO:
## DEFAMATION

44. Paragraphs 1 – 43 are realleged and incorporated by reference as if set forth fully herein.

45. The information contained in the letter of October 22, 2007, was false and misleading and defamed Ms. Cloonan.

46. The letter contended that Ms. Cloonan had engaged in criminal conduct.

47. The letter contended that Ms. Cloonan had engaged in unethical practices in her employment.

48. The letter contended that Ms. Cloonan was mentally unfit and unstable.

49. The letter contended that Ms. Cloonan had lied to the MSPB and the EEO.

50. The letter contended that Ms. Cloonan had "stalked" Mr. Barnes, which would constitute a violation of law.

51. The letter contended Ms. Cloonan had used vulgar language.

52. The letter contended Ms. Cloonan had engaged in threatening behavior.

53. The letter contended Ms. Cloonan had engaged in assaultive conduct.

54. The letter contended that Ms. Cloonan had engaged in aberrant behavior which was documented.

55. The above statements were false, misleading and defamatory and portrayed Ms. Cloonan in a false light.

56. The vast majority of the statements as to Ms. Cloonan's lack of mental fitness, and acts of criminality, as well as those that impugned her veracity and integrity, were defamatory per se.

57. As a result of this conduct, Ms. Cloonan was damaged in her trade or profession.

58. The acts of Messrs. Barnes and Stein were malicious and intentional. Their egregious nature warrants punitive damages to punish and deter others who would engage in such reckless misconduct.

59. Wherefore, Ms. Cloonan prays for actual damages of $350,000 and punitive damages of 1.2 million dollars, plus attorney fees, costs and such other relief as the Court may allow.

Respectfully submitted,

SHEILA CLOONAN, Plaintiff
By Counsel

GRAD, LOGAN & KLEWANS, P.C.

Kevin Byrnes, D.C. Bar #480195
3141 Fairview Park Drive, Suite 350
Falls Church, Virginia 22042
Telephone: (703) 548-8400
Direct Line: (703) 535-5393
Facsimile: (703) 836-6289
kbyrnes@glklawyers.com
*Counsel for Plaintiff*

## STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850-2204

www.steinsperling.com

TELEPHONE (301) 340-2020

WRITER'S DIRECT DIAL:
(301) 838-3201

WRITER'S DIRECT FAX:
(301) 354-8101

WRITER'S E-MAIL ADDRESS:
pstein@steinsperling.com

FRED A. BALKIN*
MILLARD S. BENNETT*
ALEXIA KENT BOURGERIE*
DAVID S. DE JONG*
JOLIE S. DEUTSCHMAN*
DAVID C. DRISCOLL, JR.*
STUART S. GREENFEIG*
ANN G. JAKABCIN*
JEFFREY M. SCHWABER*
DARCY A. SHOOP*
DONALD N. SPERLING*
PAUL T. STEIN*

MD., DC., VA., FL.*
MD., DC., VA., NY.*
MD., DC., PA., NJ.*
MD., DC., VA.*
MD., DC., NY.*
MD., VA., NC.*
MD., DC.*
MD. ONLY*

RONALD M. BOLT*
E. ANDREW COLE*
JAMES W. DAWSON, JR.*
BRIAN R. DELLA ROCCA*
FRANK W. DUNHAM, III*
JEFFREY FENSTER*
ROBERT J. GARAGIOLA*
MELIHA PÉREZ HALPERN*
MONICA G. HARMS*
JONATHAN P. LIEBERMAN*
IVONNE C. LINDLEY*
MARY CRAINE LOMBARDO*
DARLA J. MCCLURE*
DEANNA L. PETERS*
DIEGO J. ROJAS*
DAVID A. ROSEN*
KAREN N. SHAPIRO*

OF COUNSEL:
KEVIN P. FAY*
ALAN S. KERXTON*
SUE ANN MAHAFFEY*
BETH McINTOSH IRVING*
DAVID R. PODOLSKY*
WILLIAM J. SCOTT*

OUR FILE NUMBER

October 22, 2007

Mr. Joseph M. Band, Senior Counsel
Office of the General Counsel
United States Marshals Service
Washington, D.C. 20530

RE: Ms. Sheila Cloonan versus the U.S. Department of Justice
Docket Number AT-1221-07-0888-I-1

Dear Mr. Band:

Please be advised that Dave Barnes, who is a management official at the United States Marshals Service (USMS), is represented by Jacob A. Stein, of the Law Offices of Stein, Mitchell and Mezines in Washington, D.C. Any requests for interviews or depositions for any case or action must be coordinated through Mr. Stein. Mr. Barnes will shortly have legal matters before the Department of Justice, which may conflict with other cases, including those involving specific USMS employees such as Ms. Sheila Cloonan. Mr. Barnes therefore, has asserted his right to representation by Counsel, and demands reimbursement of lawyer fees for any contacts made of him by Ms. Cloonan's lawyer because of her continued harassment.

Mr. Barnes is entitled to the same rights and protections afforded all federal government employees, which includes a work place safe and free from harassment, intimidation and threats. Because Ms. Cloonan has evidently been involved in an orchestrated campaign with other staff to repeatedly file unfounded, false, allegations against Mr. Barnes, over a significant time period, he has not been privileged to such a workplace. In addition, Ms. Cloonan has not prevailed in any complaints that she has filed against Mr. Barnes in the past few years.

# Exhibit 1

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

Mr. Joseph M. Band, Senior Counsel
October 22, 2007
Page 2

  Did anyone miss the fact that Mr. Barnes was vindicated and completely cleared during March 2007 of all charges after a lengthy OIG investigation, USMS review, and then a hearing by an Administrative Judge that cleared him? Has anyone missed the fact that Mr. Barnes has had over 17 complaints filed against him by the likes of Cloonan and her cohorts for the past 4 years, and Mr. Barnes has been cleared on all of those complaints, grievances and EEO cases?

  Evidently, Ms. Cloonan has been involved in filing multiple, false complaints for the past several years with various entities that include the USMS Equal Employment Opportunity Office; the U.S. Office of Special Counsel; the USMS Office of Internal Affairs; and the Department of Justice (DOJ), Office of Inspector General; the federal Occupational Safety and Health Administration, and Mr. Barnes' supervisors. It appears that Ms. Cloonan's latest attempts to vilify Mr. Barnes now lays at the doorstep of the Merit Systems Protection Board (MSPB) in an attempt to obfuscate the facts of her case.

  If necessary, we intend to enter a brief with the MSPB Administrative Judge to ensure that the record in this matter is set straight, as it appears that Ms. Cloonan and her representative may have misrepresented facts regarding Mr. Barnes with the MSPB and EEO office in order to confuse the issues and to deflect from Ms. Cloonan's most current complaint. If this is the case, Mr. Barnes is insisting that both be held accountable and Cloonan's representative be sanctioned for misrepresentation of the facts and misconduct, by the MSPB, and/or the District of Columbia and Virginia Bar's.

  The issue before the USMS and MSPB does not involve, nor is about Mr. Barnes. Mr. Barnes has not been in Ms. Cloonan's chain of command since September 30, 2006, and had nothing to do with the decision when the agency evidently offered Ms. Cloonan employment at the USMS Training Academy which she accepted.

  The overall USMS employment record for Ms. Cloonan will evidently depict an employee that has been very disruptive to government operations for years. In responses to the last EEO complaint that Ms. Cloonan filed, my client asserts that at least 7 different managers indicated, or are now willing to come forward regarding allegations of aberrant and disruptive behavior by Ms. Cloonan for years. Mr. Barnes and his subordinate managers will indicate that Ms. Cloonan constantly tried to blackmail them with threats and the constant filing of complaints to various entities in attempts to get her own way.

  Until recently, this employee's office was in the Atlanta Courthouse and she reported to staff in Arlington, Virginia. It appears from the record that Cloonan could not even get along with staff in the Atlanta USMS office that she did not work for. She had multiple concerns and complaints filed by operational District staff in Atlanta against her for constant, documented, as they said **"unstable fits of rage"**. They documented Cloonan's behavior in writing when it happened using this exact language. Multiple managers will evidently confirm her disruptions, use of vulgar language when talking down to managers, and failing to follow instructions, etc.

  Chief Barnes alleges that Ms. Cloonan targeted, harassed and tendered multiple false statements against him, without any proof, for the past several years. Her conduct was intended to damage his career, promotion potential and reputation, and has cost him substantial legal fees and personal stress. Her actions have created and perpetuated a hostile work environment that violated my client's privacy rights, as Mr. Barnes has literally been stalked by Ms. Cloonan by her filing multiple, unsubstantiated, false complaints, and overt threats. For instance, it is documented in writing that Ms. Cloonan entered an

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

Mr. Joseph M. Band, Senior Counsel
October 22, 2007
Page 3

elevator in the Atlanta Federal Building and Courthouse and started talking to staff that her boss was going to jail, naming Mr. Barnes. Her statement was reckless, baseless gossip that was untrue and egregious to the detriment of Mr. Barnes.

Ms. Cloonan has not prevailed in any complaint to date against Mr. Barnes. The information provided herein provides a clear and convincing demonstration that this employee's goal was to contribute toward the removal of a manager in her chain of command that tried to hold Cloonan accountable for her work and disruptive behavior on the job, and the employee repeatedly threatened this manager, continually filing complaints and gossiping, which subsequently created a hostile work environment for Mr. Barnes:

Ms. Cloonan's behavior in harassing and filing numerous false complaints and EEO's against Mr. Barnes constitute misconduct as specified in the Department of Justice Standard Schedule of Disciplinary Offenses and Penalties.

1) Ms. Cloonan's actions in making veiled threats, threatening to file complaints if she did not get her way, and her disruptive behavior would appear to constitute a violation of Offense #17, "disorderly conduct, fighting, threatening or attempting to inflict bodily injury to another, engaging in dangerous horseplay." Ms. Cloonan's angry outbursts and vulgar language toward supervisors was threatening and her constant threats to file complaints against managers were attempts to get her way.

2) It also appears as though Ms. Cloonan has violated Offense #18, "disrespectful conduct; use of insulting, abusive or obscene language to or about others." Ms. Cloonan's conduct in filing her complaints and conversing about Dave Barnes in the office has been insulting and abusive. Her constant attacks on Mr. Barnes reputation and numerous offensive comments about his character to various government agencies are despicable, without any proof whatsoever.

3) Ms. Cloonan has also engaged in Offense #21, "criminal, dishonest, infamous or notoriously disgraceful conduct." Her repeated false accusations are inexcusable and show nothing but a vindictive, abusive, and dishonest nature.

4) Ms. Cloonan's actions in filing repeated false complaints against Mr. Barnes knowing that they are false appears to be a violation of Offense #22, Falsification, misstatement, exaggeration or concealment of material fact in connection with employment, promotion, travel voucher, any record, investigation or other proper proceeding. Ms. Cloonan's actions in filing repeated false complaints would constitute numerous infractions under Offense #22 as stated above.

Relevant case law is William E. Curdy v. Department of Veterans Affairs, February 11, 2005 where the U.S. Court of Appeals, Federal Circuit, and the Circuit essentially stated that an employee claiming to be involved in protected activities (as evidently Ms. Cloonan does) did not justify acting in a threatening, hostile or disruptive way. They upheld an employee's removal for threatening behavior towards a supervisor, creating a hostile work environment, failure to follow instructions, using insulting language toward a supervisor and five counts of disrespectful conduct. The Judge also upheld the

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

Mr. Joseph M. Band, Senior Counsel
October 22, 2007
Page 4

removal over an affirmative defense of the Whistleblower Protection Act. Ms. Cloonan's actions clearly parallel the facts in the Curdy case on the specifications.

Finally, an employee that has committed wrongful acts, just like we believe Ms. Cloonan has, and claims to be a whistleblower may not shield herself from any agency disciplinary action through invocation of the Whistleblower Protection Act (WPA). Ms. Cloonan evidently claims to be a Whistleblower which in all probability caused the agency not to take personnel actions against her aberrant behavior. To invoke the WPA to shield oneself from the consequences of one's own wrongful actions runs counter to the very heart of the WPA's intention of eliminating Government illegality, waste, and corruption. The statutory language and the legislative intent behind the WPA, clearly states that an employee cannot invoke the WPA to shield herself from the negative consequences of her own wrongful actions. The relevant legal provision is Whistleblower Protection Act of 1989, 101 P.L. 12; 103 Stat. 16 Section 1221 (e) (1) and (2).

In conclusion, please refer all correspondence to Mr. Jacob Stein regarding any case, action or matter that involves Mr. Barnes. Ms. Cloonan's most current EEO filing and MSPB case is evidently about claims of retaliation for prior EEO activity, in which her disruptive and aberrant behavior were documented. There is not one scintilla of evidence that Mr. Barnes had anything to do with Cloonan's new assignment, and was not involved in the USMS's action, as he had not been involved in her new chain of command.

Very truly yours,

Paul T. Stein

cc: Mr. Scott J. Bloch, Director, U.S. OSC
Mr. Kevin Byrnes, Esquire
Mr. John F. Clark, Director USMS
Mr. Anthony W. Cummings, MSPB Administrative Judge (Atlanta)
Ms. JoAnn Grady, USMS EEO Office
Mr. Jacob A. Stein, Esquire

L:\CLIENTS\S\STEIN.PAU\BARNES\001-1-BAND.LTR.doc

LAW OFFICES
# WADE & BYRNES P.C.

616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
Phone: (703) 836-9030
Fax: (703) 683-1543
Web-site: www.WadeandByrnes.com

Gregory M. Wade (VA, DC, MD)                E-Mail: gwade@wblawpc.com
Kevin Byrnes (VA, DC)                       E-Mail: kbyrnes@wblawpc.com
Matthew T. Sutter (VA)                      E-Mail: msutter@wblawpc.com

October 26, 2007

<u>Via U.S. Mail and Facsimile – 301-354-8101</u>
Paul T. Stein, Esq.
Stein, Sperling, Bennett, DeJong, Driscoll & Greenfeig, P.C.
25 West Middle Lane
Rockville, MD 20850-2204

Re:    Sheila C. Cloonan v. Department of Justice
       Docket No. AT-1221-07-0888-I-1

Dear Mr. Stein:

    This responds to your letter of October 22, 2007, concerning Mr. David Barnes. Mr. Barnes is a witness and an Agency employee in this matter and not a party; therefore, there is no provision at law for him to submit the argument of counsel to any body adjudicating these claims.

    The substance of your letter bears little response. Needless to say, it expresses the very personalized and retaliatory animus that Ms. Cloonan has alleged occurred against her at the hand of Mr. Barnes.

    There are several issues, however, which concern us. First, your client has apparently authorized you to submit Privacy Act protected material which he gained access to in his official capacity to third parties. Such dissemination is troubling and actionable and evidences a reckless disregard for both federal law and his authority as a supervisor. On this matter you are a witness; and should we file suit, we will call you as such. Please preserve all records and communications on which you based your letter for future litigation.

    Second, you cast aspersions on my client and me personally, threatening ethical complaints, lawsuits and possible criminal charges. I am certain you are aware that the threat of disciplinary action to secure civil advantage is inappropriate. More importantly, it appears you and your client are attempting to use your submission as a mechanism of retaliation and reprisal for Ms. Cloonan engaging in protected activity.

# Exhibit 2

Paul T. Stein, Esq.
October 26, 2007
Page 2

We could go on and address the remainder of your letter, but it would be counterproductive. Suffice it to say, we have never encountered a situation where a supervisor reacted on such a victimized, personalized and malicious level to complaints by an employee; and your letter merely supports Ms. Cloonan's contentions.

Whether my client prevails or not on her claims, Mr. Barnes' conduct in merely disseminating confidential information should draw the attention of his Agency; and the failure of you and Mr. Barnes to appreciate that he, as a government employee and federal manager, has an obligation to act responsibly in safeguarding information gleaned from that federal service is highly disturbing.

In any event, attached is a Notice of Deposition, scheduling Mr. Barnes' deposition for Friday, November 9, a date which is mutually convenient for the parties. Be aware that in his deposition, Mr. Barnes is an agent of the government; and, therefore, only government counsel has the right to raise objections or ask questions. Should you obstruct either the taking of the deposition or its conduct, we will seek appropriate costs from the Agency, as well as other relief.

Finally, I do not appreciate spurious ethical threats. If your client is without fault, that will be shown; and he has the right to file whatever action or claim he feels entitled to claim. However, claiming that an attorney advocating a client's interests can be subject to a bar complaint for presenting his client's opinions and view of facts, no matter how off base, is truly ignorant of the protections afforded counsel, dismissive of the roles attorneys play and a breach of the code of conduct in its own right. You are requested to withdraw your statement and asked to proceed with the cordiality and level headedness which attorneys should display.

Sincerely,

Kevin Byrnes

KB/sp
cc: Sheila Cloonan
    Joseph Band, Esq.
    Scott J. Block, Director, U.S. OSC
    John F. Clark, Director USMS
    Anthony W. Cummings, MSPB Administrative Judge (Atlanta)
    JoAnn Grady, USMS EEO Office
    Jacob A. Stein, Esq.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Sheila Cloonan

## DEFENDANTS
Michael B. Mukasey, John F. Clark, Paul T. Stein, David Barnes

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Kevin Byrnes, Esq.
Grad, Logan & Klewans, P.C.
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
703-535-5393

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ⊙ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☒ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Privacy Act (5 USC 552a); Common Law Defamation Suit (pendent jurisdiction)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ $1.5 million   Check YES only if demanded in compl:   JURY DEMAND: YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE April 24, 2008   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.