UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA CLOONAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:08-CV-00700 (HHK) ) |
| MICHAEL B. MUKASEY, *et al.* | ) ) |
| Defendants. | ) ) |

## **DEFENDANT PAUL T. STEIN'S MOTION TO DISMISS**

Defendant Paul T. Stein, by his undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court to dismiss Plaintiff's Complaint, with prejudice.

Pursuant to Local Civil Rule 7(m), Elizabeth Simon, counsel for Mr. Stein, conferred with Plaintiff's counsel, Kevin Byrnes, regarding this motion. Mr. Brynes conceded that Count One, alleging violations of the Privacy Act, 5 U.S.C.A. § 552a, does not state a claim against Mr. Stein. Plaintiff would not consent to the dismissal of Count Two, alleging defamation.

The grounds for this motion are as follows:

1. Count One of Plaintiff's Complaint fails to state a claim against Mr. Stein. Individuals cannot be held personally liable for violations of the Privacy Act, 5 U.S.C.A. § 552a ("the Privacy Act"). Further, there is no allegation that Mr. Stein violated the Privacy Act. Therefore, to the extent that Count One is directed towards Mr. Stein, it must be dismissed.

2. Count Two of Plaintiff's Complaint should be dismissed on the grounds that the communication at issue is protected by an absolute privilege. Alternatively, the communication at issue is protected by a qualified privilege.

3. Defendant Paul T. Stein is an attorney. Mr. Stein is a partner in the law firm of Stein, Sperling, Bennett, DeJong, Driscoll & Greenfeig, P.C. He is not an employee of the government.

4. Mr. Stein's communication with Joseph M. Band at the United States Marshals Service Office of General Counsel is absolutely privileged because it was sent on behalf of his client, David Barnes, as part of pending proceedings filed by Plaintiff Sheila Cloonan. Mr. Barnes is also a Defendant in this matter.

5. Ms. Cloonan, by her own acts and allegations, interjected Mr. Barnes into administrative proceedings that she had initiated before the Merit Systems Protection Board ("MSPB") by identifying him as a witness to the action. Complaint at ¶ 31.

6. Mr. Stein's communication with Mr. Band occurred in the context of the pending administrative proceedings. A witness to a proceeding is entitled to an absolute privilege for communications made in the context of such proceedings. *Marsh v. Hollander*, 339 F. Supp 2d 1, 8 (D.D.C. 2004). This absolute privilege extends to communications made preliminary to or in the course of other proceedings. *Id.* Plaintiff's Complaint states that other complaints referring or relating to Mr. Barnes were pending at the time that the alleged defamatory correspondence was made. Compl. at ¶ 24.

7. Ms. Cloonan filed an appeal with the Merit Systems Protection Board that identified Mr. Barnes. Compl. at ¶ 31. Ms. Cloonan alleges in her Complaint that Mr. Barnes had notice of, and possible involvement in, the grade reduction and transfer that were the subject of her MSPB proceeding. *Id.* at ¶ 26. Ms. Cloonan also alleged, in a separate EEOC proceeding, that her "demotion" was discriminatory. *Id.* at ¶ 27.

8. Also in 2007, Ms. Cloonan made allegations of racial and sexual discrimination against Mr. Barnes, stating that Mr. Barnes only promoted white males. *Id.* at ¶ 24.

9. Alternatively, Ms. Cloonan's Complaint should be dismissed because Mr. Stein's communication, on behalf of his client David Barnes, is subject to a qualified privilege as the letter to Mr. Band is protected as a common interest communication, because of the pending administrative proceedings initiated by Ms. Cloonan and the allegations involving Mr. Barnes made in those proceedings.

10. The grounds for this Motion are set forth more fully in the accompanying Memorandum of Points and Authorities, which is attached hereto and incorporated herein by reference.

WHEREFORE, Defendant Paul T. Stein respectfully requests that this Court grant his Motion to Dismiss Plaintiff's Complaint with prejudice. A proposed Order is attached hereto.

### ORAL HEARING REQUESTED

In accordance with L. Civ. R. 7(f), Defendant Paul T. Stein respectfully requests an oral hearing on his Motion to Dismiss.

Respectfully submitted,

*/s/ Pamela A. Bresnahan*
Pamela A. Bresnahan (D.C. Bar No. 366735)
Elizabeth Treubert Simon (D.C. Bar No. 467272)
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W., 11th Floor
Washington, D.C. 20036
(202) 467-8800 (telephone)
(202) 467-8900 (facsimile)

Counsel for Paul T. Stein, Esquire

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b)(2)(D) and Local Civil Rule 5.4, I hereby certify that on this 30th day of June, 2008, a copy of the foregoing Motion to Dismiss, Memorandum in Support and proposed Order were filed electronically. Service of this filing to all parties, including those listed below, will be accomplished by operation of the Court's ECF system to:

Kevin Byrnes
Grad, Logan & Klewans, P.C.
3141 Fairview Park Drive
Suite 350
Falls Church, VA 22042

Christopher Blake Harwood
U.S. Attorney's Office
555 Fourth Street, NW
Suite 4220
Washington, DC 20530

*Elizabeth T. Simon*
Elizabeth Treubert Simon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA CLOONAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:08-CV-00700 (HHK) |
| | ) |
| MICHAEL B. MUKASEY, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT PAUL T. STEIN'S MOTION TO DISMISS**

Defendant Paul T. Stein is entitled to dismissal, under Fed. R. Civ. P. 12(b)(6) of Count One of Plaintiff's Complaint because no civil cause of action exists under the Privacy Act, thereby mandating dismissal of Count One. Further, Count Two of Plaintiff's Complaint, alleging defamation, must be dismissed because Mr. Stein's correspondence to the Office of General Counsel for the U.S. Marshals Service, even if defamatory, which he denies, is protected by an absolute or qualified privilege.

**I.    Facts.**

On or about April 24, 2008, Plaintiff Sheila Cloonan filed a Complaint against Paul T. Stein, Esquire, a Maryland attorney, and his client, an employee of the United States Marshals Service, as well as other government entities. Plaintiff alleged violations of the Privacy Act, 5 U.S.C.A. § 552a ("the Privacy Act") and defamation arising out of correspondence sent by Mr. Stein to Joseph Band, Senior Counsel in the Office of General Counsel for the United States Marshals Service, related to several pending complaints filed by Ms. Cloonan, including complaints making allegations against Mr. Stein's client, David Barnes.

In June 2007, Ms. Cloonan alleges that she was transferred and downgraded by the United States Marshals Service. *See* Plaintiff's Complaint ("Compl.") at ¶ 25. Ms. Cloonan alleges that Mr. Barnes would have had notice of, and possible involvement in, Ms. Cloonan's grade reduction and reassignment. Compl. at ¶ 26. Ms. Cloonan identified Mr. Barnes as a witness in this proceeding. Compl. at ¶ 29.

Ms. Cloonan has filed a number of complaints against Mr. Barnes. Compl. at ¶ 19. Ms. Cloonan was a witness in an investigation by the Office of the Inspector General regarding Mr. Barnes. Compl. at ¶¶ 20-21. Ms. Cloonan made allegations regarding Mr. Barnes to the Office of Special Counsel. Compl. at ¶ 23.

In 2007, Ms. Cloonan filed a Complaint with the U.S. Marshals Service's Equal Employment Opportunity Office ("EEOO") alleging that she was the victim of sex and age discrimination because of the actions of Mr. Barnes and alleged that Mr. Barnes only promoted "white males." Compl. at ¶ 24.

Following her transfer and grade reduction, Ms. Cloonan alleges that she filed a complaint with the Agency's[1] Equal Employment Opportunity Office stating that her demotion was an act of discrimination. Compl. at ¶ 27.

Thereafter, Ms. Cloonan appealed her reassignment and reduction in grade to the Merit Systems Protection Board ("MSPB"). Compl. at ¶ 28. Ms. Cloonan named Mr. Barnes as a possible witness in that appeal. Compl. at ¶¶ 29, 31. The appeal was apparently filed against the United States Marshals Office, which was represented by Joseph Band, the recipient of the letter

---

1    Ms. Cloonan's Complaint does not define "Agency."

at issue.

In addition to Mr. Band, the letter was copied to several other individuals involved or interested in the allegations and/or proceedings filed by Ms. Cloonan. The letter showed a "cc" to Scott Bloch, Director of the Office of Special Counsel, where Ms. Cloonan had made allegations about the actions of Mr. Barnes. *See* Compl. at ¶ 23. The letter showed a "cc" to John Clark, the director of the U.S. Marshals Service, the employer of both Ms. Cloonan and Mr. Barnes. The letter showed a "cc" to Anthony Cummings, an Administrative Law Judge at the MSPB, where Mr. Barnes had been named as a witness in Ms. Cloonan's appeal. *See* Compl. at ¶ 28. The letter showed a "cc" to Joann Grady, an Equal Employment Opportunity Officer for the U.S. Marshals Service, where Ms. Cloonan had filed discrimination claims against Mr. Barnes. *See* Compl. at ¶¶ 24, 27. The letter showed a "cc" to Jacob Stein, Mr. Barnes' other attorney. Finally, the letter showed a "cc" to Kevin Byrnes, Ms. Cloonan's counsel. Plaintiff does not allege whether any of these individuals actually received a copy of the letter at issue.

## II.     Argument.

### A.     Applicable Legal Standards.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is proper if it appears that no relief could be granted under any set of facts that could be proved, consistent with the allegations. Fed. R. Civ. P. 12(b)(6). For purposes of a Rule 12(b)(6) motion, the complaint is to be construed liberally in plaintiff's favor, but the Court need not accept inferences drawn by a plaintiff, if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Ms. Cloonan is a resident of Georgia. Mr. Stein is an attorney admitted to the practice of law in Maryland and the District of Columbia. Ms. Cloonan alleges that the acts complained of were directed towards and caused her harm in the District of Columbia.[2]

In order to make out a *prima facie* case of defamation under District of Columbia law, a plaintiff must allege facts showing:

(1) that the defendant made a false and defamatory statement concerning the plaintiff;

(2) that the defendant published the statement, without privilege, to a third party;

(3) that the defendant's fault in publishing the statement amounted to at least negligence; and,

(4) either, that statement is actionable as a matter of law irrespective of special harm or, that its publication caused the plaintiff special harm.

*Marsh v. Hollander*, 339 F. Supp.2d 1, 5 (D.D.C.2004).

Whether a publication is capable of being interpreted as defamatory is a legal issue to be decided by the Court. *McBride v. Merrell Dow and Pharmaceuticals, Inc.*, 717 F.2d 1460, 1463 (D.C. Cir. 1983). The standard for determining whether a publication is defamatory requires considering "if it tends to injure plaintiff in his trade, profession or community standing, or lower him in the estimation of the community" and if it "makes the plaintiff appear 'odious, infamous, or ridiculous.'" *Id.* It must be more than merely unpleasant or offensive. *Id.*

---

2      Mr. Stein notes that, if this Court finds that Georgia or Maryland law applies here, and not the law of the District of Columbia, Plaintiff's claims for defamation would also be dismissed. Under Maryland law, Mr. Stein's statements are absolutely protected under the judicial proceedings privilege. *See Imperial v. Drapeau*, 351 Md. 38 (Md. 1998). Similarly, under Georgia law, Mr. Stein's statements on behalf of his client are protected. *See* Ga. Code Ann. § 51-5-7 (2007); *Vito v. Inman*, 286 Ga. App. 646, 647-48, 649 S.E.2d 753, 756 (2007), *recon. denied* (2007), *cert. denied* (2007) (an attorney may claim an absolute privilege to make statements which are necessary to fulfill his professional obligation to his client and to protect his client's interest).

B.   **Count One of Plaintiff's Complaint Must Be Dismissed Because No Cause of Action Exists Against Mr. Stein for Privacy Act Violations.**

It is unclear from the allegations in Plaintiff's Complaint whether Plaintiff alleges that Mr. Stein violated the Privacy Act.[3] However, to the extent that Plaintiff does make such allegations, these allegations must be dismissed because the Privacy Act does not provide Ms. Cloonan with grounds to assert a cause of action against Mr. Stein.

First, under the Privacy Act, a party can only sue United States' agencies, not individual defendants. *Corey v. McNamara*, 409 F. Supp.2d 1225, 1229 (D. Nev. 2006), *aff'd*, 265 Fed. Appx. 555 (9th Cir. 2008); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 844 (9th Cir. 1999). No cause of action exists against non-governmental agencies. *Id.*

Second, the Privacy Act addresses the obligations of agencies, as distinct from those of individual employees of those agencies. *Martinez v. Bureau of Prisons*, 444 F.3d 620 (D.C. Cir. 2006). For example, the act does not provide for civil remedies for violations of the Act by an individual, whether employed by the government or not. *See* 5 U.S.C.A. § 552a(g)(1) (stating that whenever an agency fails to comply with any provision of this section, the individual may bring a civil action against the agency).

Mr. Stein is an individual and is not a government employee. Accordingly, he cannot be a party to litigation brought under the Privacy Act. Accordingly, Count One of Plaintiff's Complaint must be dismissed with prejudice.

---

3   In accordance with L. Civ. R. 7(m), counsel for the parties conferred regarding the relief sought in Defendant's Motion to Dismiss. Plaintiff's counsel, Kevin Byrnes conceded that Count One does not state a claim against Mr. Stein.

### C. Count Two of Plaintiff's Complaint Must Be Dismissed Because the Communication at Issue is Protected by an Absolute Privilege.

The letter sent by Mr. Stein on behalf of his client David Barnes is protected by an absolute privilege because it was sent to people involved in administrative proceedings filed by Ms. Cloonan. Mr. Barnes was identified as a witness and/or a party in each of the proceedings. Communications made preliminary to a judicial proceeding are absolutely privileged. *See Conservative Club of Washington v. Finkelstein*, 738 F. Supp. 6 (D.D.C. 1990); Restatement (Second) of Torts, § 586 (1977). The privilege affords an attorney absolute immunity from actions in defamation for communications related to judicial proceedings, quasi-judicial proceedings, and proposed judicial proceedings:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding . . ., or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

*See* Restatement (Second) of Torts, § 586 (1977).[4] This privilege is necessary because otherwise attorneys might well be deterred in their roles in the judicial process by the fear of a suit for defamation. *Arundel Corp. v. Green*, 540 A.2d 815, 819 (Md. App. 1988).

An absolute privilege extends to quasi-judicial proceedings as well. *Id.* (extending privilege to EEOC proceedings and investigations); *Stith v. Chadbourne & Parke*, LLP, 160 F. Supp.2d 1 (D.D.C. 2001) (applying absolute privilege in quasi-judicial EEOC proceeding and

---

4   Comment A to Section 586 of the Restatement (Second) of Torts states: "The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. Therefore the privilege is absolute. It protects the attorney from liability in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in its truth, or even his knowledge of its falsity . . . The publication of defamatory matter by any attorney is protected not only when made in . . . the conduct of litigation before a judicial tribunal, but in conferences and other communications preliminary to the proceeding. The institution of a judicial proceeding includes all pleadings and affidavits necessary to set the judicial machinery in motion."

6

holding that a response to plaintiff's claims that he was discriminated against on the basis of race and gender was protected and could not form the basis for a defamation claim). Regarding the absolute privilege, the Maryland Court of Appeals cited the following commentary:

> There is no precise definition of what qualifies as a 'judicial proceeding' for the purposes of the absolute privilege; but it clearly extends to tribunals other than courts. The term is employed in a flexible fashion to embrace any governmental proceeding involving the exercise of a judicial or quasi-judicial function, including a wide variety of administrative boards, commissions, or other tribunals which may engage in judicial or quasi-judicial action though not part of the court system.

*See Imperial v. Drapeau*, 351 Md. 38, 45, 716 A.2d 244, 248 (Md. 1998), *quoting* R. A. Smolla, *Law of Defamation* § 8.03[3][a] (1986, 1996 Supp.). The Courts of the District of Columbia apply the absolute privilege to a wide variety of proceedings. For example, the District of Columbia Circuit has held that it is well settled under District of Columbia law that communications concerning unemployment proceedings are also subject to absolute privilege. *See Turner v. Federal Express Corp.*, 539 F. Supp.2d 404, 408-09 (D.D.C. 2008); *Hawthorne v. Wash. Metro. Area Transit Auth.*, 702 F. Supp. 285 (D.D.C. 1988).[5]

As noted above, the District of Columbia recognizes an absolute privilege for statements made preliminary to, or in the course of a judicial proceeding, so long as the statements bear some relation to the proceeding. *See Marsh v. Hollander,* 339 F. Supp.2d 1, 6 (D.D.C. 2004). The doctrine of absolute immunity for such statements reflects a judgment that the need for completely free speech for litigants is dominant, and that this freedom is not to be endangered by subjecting parties to the burden of defending their motives in subsequent slander litigation.

---

5   *See also Mazanderan v. McGranery*, 490 A.2d 180 (D.C. 1984) (applying absolute privilege to proceedings before Hacker's License Appeal Board and for letter sent to INS); *Arneja v. Gildar*, 541 A.2d 621 (D.C. 1988) (applying privilege to proceedings before Rental Accommodations Office).

*Brown v. Collins*, 402 F.2d 209, 213 (D.C. Cir. 1968). The judicial proceedings privilege applies to the range of potential participants in a legal proceeding including attorneys, parties and witnesses. *Brown*, 402 F.2d at 212, nn. 3-4; *Marsh*, 339 F. Supp.2d at 8; Restatement (Second) of Torts § 585-589. The privilege also extends to attorneys for a client who is a "potential witness or party or otherwise connected with the proceeding." *See Oparaugo v. Watts*, 884 A.2d 63, 80-81 (D.C. 2005). Moreover, the privilege extends not only to parties in a pending proceeding, but also to parties in potential litigation, if the communication is related to the proceeding. *Marsh*, 339 F. Supp.2d at 8. It is well-settled that a defamation action may not be grounded 'on a party's statements preliminary to or in the course of a judicial proceeding so long as the defamatory material has some relation to the proceeding.' *Brown*, 402 F.2d at 212. The *Marsh* Court specifically notes that the privilege, as it extends to attorneys, would be gutted if attorneys could not repeat and protect statements they had received from their clients. *Marsh*, 339 F. Supp.2d at 8.

*Messina v. Krakower*, 439 F.3d 755 (D.C. Cir. 2006), is illustrative here. In *Krakower*, plaintiff sued her business partner and her partner's attorney, alleging defamation arising out of a letter sent by Krakower regarding his client's grievances. Mr. Krakower moved to dismiss and/or for summary judgment on the grounds that his statements were absolutely protected by the judicial proceedings privilege. *Id.* at 758. The Court granted summary judgment. The Court held that an attorney at law is absolutely privileged to publish defamatory matter concerning another in a communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding. *Id.* at 760, *quoting* Restatement (Second) of Torts § 586

(1977). Accordingly, for the privilege to apply, two requirements must be met: (1) the statement must have been made in the course of, or preliminary to, a judicial proceeding; and, (2) the statement must be related in some way to the underlying proceeding. *Id., quoting Arjena v. Gildar*, 541 A.2d 621, 623 (D.C. 1988).

The Court of Appeals for the District of Columbia Circuit has stated that the requirement that the alleged defamatory statement have some relation to the proceeding means that the defamatory matter must have some reference to the subject matter of the litigation, although it need not be strictly relevant to any issue involved in it. *Id.* at 761, *quoting Finkelstein, Thompson, & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 341-42 (D.C. 2001). The communication need not be relevant in the legal sense; the term "relevant" is very liberally construed. *Messina v. Krakower*, 439 F.3d at 761, *citing Arneja v. Gildar*, 541 A.2d 621, 624 (D.C. 1988). Similarly, the District of Columbia Circuit has held that it suffices, for purposes of relevance, if the communication has enough appearance of connection with the case that a reasonable man might think it was relevant. *U.S. v. Hurt*, 543 F.2d 162, 167 (D.C. Cir. 1976). In other words, "as long as the alleged defamatory statement 'has some reference to the subject matter of the proposed or pending litigation' it falls within the privilege." *Messina v. Fontana*, 260 F. Supp.2d 173, 178 (D.D.C. 2003), *aff'd*, 439 F.3d 755 (D.C. Cir. 2006) (holding that a letter that talks about the disputes between the parties is sufficient.) The words pertinent to the proceedings are not to be construed narrowly, or according to evidentiary rules as to admissibility. *Leaveitt v. Bickerton*, 855 F. Supp. 455, 457 (D. Mass. 1994) *citing Brown v. Shimabukuro*, 118 F.2d 17, 18 (D.C. Cir. 1941).

The letter, attached as Exhibit 1 to Plaintiff's Complaint, was written because Mr. Barnes

was to "shortly have legal matters before the Department of Justice, which may conflict with other cases, including those involving specific USMS employees such as Ms. Sheila Cloonan." *See* Exhibit 1 to Plaintiff's Complaint at p. 1. The letter continued on to assert Mr. Barnes' right to counsel and to the "same rights and protections afforded all federal government employees, which includes a work place safe and free from harassment, intimidation and threats." *Id.* The letter then sets out in detail the harassment, intimidation and threats imposed upon Mr. Barnes through the filing of the Complaints, including the MSPB Complaint, involving or naming Mr. Barnes. *Id.* at 1-2. ("If necessary, we intend to file a brief with the MSPB Administrative Judge to ensure that the record in this matter is set straight, as it appears that Ms. Cloonan and her representative may have misrepresented facts regarding Mr. Barnes with the MSPB and EEO office in order to confuse the issues and to deflect from Ms. Cloonan's most current complaint. . . . Mr. Barnes is insisting that both be held accountable. . . .") *Id.* These statements fall clearly under the umbrella of the absolute privilege afforded to communications made pursuant to judicial proceedings. *See Arneja v. Gildar*, 541 A.2d 621, 624 (D.C. 1988) (finding that statements questioning opposing counsel's language skills and legal abilities to be protected by an absolute privilege when statements were made in context of pending administrative proceedings.)

Ms. Cloonan admits that she filed an administrative appeal with the MSPB. Compl. at ¶ 28. She also admits that she filed several complaints with her agency's Equal Employment Opportunity Office. Compl. at ¶¶ 24, 27. These proceedings named Mr. Barnes as a party (in the case of at least one of the 2007 EEOO proceedings) or a witness (in the case of the MSBP proceeding). *Id.* at ¶¶ 24, 29. Therefore, the letter written by Mr. Stein on behalf of his client

Mr. Barnes is absolutely protected.

Finally, all of the parties to whom a copy of the letter was allegedly sent had an interest or connection to the proceedings being commented upon in the letter. *See Finkelstein*, 774 A.2d at 342 (noting that for the privilege to be applicable, the communication must be published to persons having an interest in or connection to the litigation.) The letter sent by Mr. Stein was sent only to parties who were involved in, or connected with, the various complaints that had been filed by Ms. Cloonan naming Mr. Barnes, either as an alleged offender or as a witness.

### D. Alternatively, Count Two of Plaintiff's Complaint Must Be Dismissed Because the Communication at Issue is Protected by a Common Interest Qualified Privilege.

The letter sent by Mr. Stein on behalf of his client, David Barnes, is also protected under the "common interest" qualified privilege. Under this privilege, a statement is protected if it is (1) made in good faith; (2) on a subject in which the party communicating has an interest; (3) to a person with a corresponding interest. *Novecon Ltd. v. Bulgarian-Am. Enterprise Fund*, 977 F. Supp. 45, 49 (D.D.C. 1997), *aff'd*, 190 F.3d 556 (D.C. Cir. 1999), *cert. denied*, 529 U.S. 1037, 120 S. Ct. 1531 (2000); *Bell v. Ivory*, 966 F. Supp. 23, 32 (D.D.C. 1997), *aff'd*, 159 F.3d 635 (D.C. Cir. 1998); *Moss v. Stockard*, 580 A.2d 1011, 1024 (D.C. App. 1990). Whether a statement falls within the common interest privilege is a question of law for the Court. *Moss*, 580 A.2d at 1024.

A qualified privilege is a complete defense to defamation. *Stith v. Chadbourne & Parke, LLP*, 160 F. Supp.2d 1, 9 (D.D.C. 2001). The privilege can be overcome by a showing of malice. *Id.* However, once the Court determines that a qualified privilege applies, the party who made the statement is presumed to have acted in good faith. *Id.* Thereafter, the plaintiff is required to

11

show that there is, or can be, a sufficient showing of malice to overcome the presumption and defeat the privilege. *Id.* In the District of Columbia, malice is held to be the "doing of an act without just cause or excuse, with such a conscious indifference or reckless disregard as to its results or the effect upon the rights or feelings of others so as to constitute ill will." *Id., quoting Novecon*, 977 F. Supp. at 50. However, the Court in *Novecon* stated that even a showing of ill will toward the plaintiff will not forfeit the privilege so long as the primary purpose of the communication is to further the interest which is entitled to protection. *Novecon*, 977 F. Supp. at 50.

Here, again, taking the factual allegations of Plaintiff's Complaint as true, Mr. Stein's comments are privileged. Mr. Stein's client was named by Ms. Cloonan as a witness in a proceeding disputing her reassignment and reduction in grade. Compl. at ¶¶ 29, 31. Ms. Cloonan had also named Mr. Barnes in EEOO proceedings, accusing him of discrimination on the basis of race and gender; and for following a pattern and practice of only promoting white males. *Id.* at ¶¶ 24, 26, 27. As counsel to Mr. Barnes, Mr. Stein had a good faith basis to address, on behalf of his client, the circumstances related to these allegations and/or proceedings. Mr. Stein's communication was addressed to people involved or otherwise interested in those allegations and/or proceedings involving his client. Compl. at ¶ 32. Therefore, Mr. Stein's statements fall squarely within the common interest privilege. *Moss*, 580 A.2d at 1024-25. Further, Plaintiff has failed to defeat the defense of qualified privilege as she has alleged no facts which would show any malice on the part of Mr. Stein. Therefore, for this additional reason, Count Two of Plaintiff's Complaint must be dismissed with prejudice.

### III. Conclusion.

Based upon the foregoing, Defendant Paul T. Stein respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

*/s/ Pamela A. Bresnahan*
Pamela A. Bresnahan (D.C. Bar No. 366735)
Elizabeth Treubert Simon (D.C. Bar No. 467272)
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W., 11th Floor
Washington, D.C. 20036
(202) 467-8800 (telephone)
(202) 467-8900 (facsimile)

Counsel for Paul T. Stein, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA CLOONAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:08-CV-00700 (HHK) |
| | ) |
| MICHAEL B. MUKASEY, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Having read and considered Paul T. Stein's Motion to Dismiss Plaintiff's Complaint, Plaintiff's Opposition and Defendant's reply thereto, and the record herein, it is, this ____ day of _____, 2008,

**ORDERED**, that Defendant Paul T. Stein's Motion to Dismiss be, and the same hereby is, **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint be, and the same hereby is, **DISMISSED WITH PREJUDICE**.

HENRY H. KENNEDY, JR.
Judge, United States District Court for
the District of Columbia

Copies to be served on:

Kevin Byrnes
Grad, Logan & Klewans, P.C.
3141 Fairview Park Drive
Suite 350
Falls Church, VA 22042

Christopher Blake Harwood
U.S. Attorney's Office
555 Fourth Street, NW
Suite 4220
Washington, DC 20530

Pamela A. Bresnahan
Elizabeth Treubert Simon
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W., 11th Floor
Washington, D.C. 20036