UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA CLOONAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-CV-00700 (HHK) |
| ) | |
| MICHAEL B. MUKASEY, *et al.* ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT PAUL T. STEIN'S MOTION TO DISMISS**

The October 22, 2007 letter written by Mr. Stein on behalf of his client, David Barnes, is subject to an absolute privilege. In the alternative, it is subject to a qualified privilege. Mr. Stein denies that the letter was defamatory.[1] However, whether the letter itself could be considered defamatory is not relevant to the preliminary determination of whether a privilege applies to protect Mr. Stein from liability for a communication made on behalf of his client.

The October 22, 2007 letter which Mr. Stein sent on behalf of his client, Mr. Barnes, is absolutely privileged because of the pending and prospective judicial proceedings instituted by Ms. Cloonan. An absolute privilege is afforded to a communication prepared by an attorney in the defense of his client who is presenting a defense against charges and/or accusations by the Plaintiff. *See Marsh v. Hollander*, 339 F. Supp.2d 1, 8 (D.D.C. 2004); *Messina v. Krakower*, 439 F.3d 755, 760 (D.C. Cir. 2006). Alternatively, the letter is subject to a qualified privilege based

---

[1] Plaintiff incorrectly states that Mr. Stein does not dispute that the communication at issue was defamatory. Mr. Stein disputed Plaintiff's allegations in his Memorandum of Points and Authorities in Support of Defendant Paul T. Stein's Motion to Dismiss at page 1.

upon the common interest between Mr. Stein's client, Mr. Barnes, and the recipients of the October 22, 2007 correspondence. *Novecon Ltd. v. Bulgarian-American Enterprise Fund*, 977 F. Supp. 45, 49-50 (D.D.C. 1997), *aff'd*, 190 F.3d 556 (D.C. Cir. 1999), *cert. denied*, 529 U.S. 1037, 120 S. Ct. 1531 (2000). The communication by Mr. Stein is privileged and, therefore, Plaintiff's Complaint should be dismissed, with prejudice.

**A.   The October 22, 2007 communication is protected by an absolute privilege.**

Plaintiff alleges that she filed complaints about Mr. Barnes with the Equal Employment Opportunity Office, the Department of Labor and the Office of the Special Counsel alleging that Mr. Barnes had engaged in racial and sexual discrimination against her. *See* Plaintiff's Opposition at pp. 1-2, Plaintiff's Complaint ("Compl.") at ¶¶ 24, 26, 27, 31. She also concedes that she filed an administrative appeal with the Merit Systems Protection Board ("MSPB"), contesting her downgrade in position and making allegations against Mr. Barnes. *See* Plaintiff's Opposition at p. 2. Plaintiff alleges in her complaint that Mr. Barnes would have had notice of, and possible involvement in, Ms. Cloonan's "downgrade" in position. Compl. at ¶ 25. Mr. Barnes was identified as a witness in the MSPB proceeding. Compl. at ¶ 29. As set forth in the federal defendants' Motion to Dismiss and for Summary Judgment, the communication at issue was solicited in connection with the MSPB proceeding.[2]

In addition to Mr. Band, the letter was copied to several other individuals involved or interested in the allegations and/or proceedings filed by Ms. Cloonan against Mr. Barnes, including the Office of Special Counsel, the director of the United States Marshals Service which

---

[2] Unlike the other defendants, Mr. Stein is not currently moving for summary judgment. Accordingly, he does not refer to matters outside of the Complaint in his Motion to Dismiss. The Government's Motions, and their attached affidavits, also discuss the October 22, 2007 letter.

employed both Ms. Cloonan and Mr. Barnes, the MSPB and the Equal Employment Opportunity Office for the U.S. Marshals Service. *See* Compl. at ¶¶ 23, 24, 27, 28.

In an attempt to defeat the application of an absolute privilege for Mr. Stein's correspondence, Plaintiff contends that the location of the parties when the allegedly defamatory communication is made is relevant as to whether the judicial proceedings privilege applies. Plaintiff's argument is without merit. *Arneja v. Gildar*[3], cited by Plaintiff in support of this argument, actually held that an absolute privilege applied because, like here, the statements made by the attorney-defendant were "preliminary" to a quasi-judicial proceeding. *Id.* at 623. Here, as set forth in the October 22, 2007 letter, the letter was sent in connection with a number of pending and potential proceedings involving Mr. Barnes and Ms. Cloonan.

The cases cited by the court in *Arneja* are distinguishable from the situation presented here. For example, the New York court in *Petrus v. Smith* held that an absolute privilege did not apply because the spoken communication was not made during the course of the proceeding before the court. *See Petrus*, 91 A.D.2d 1190, 1990 (4th Dept. 1983) (statement made outside the Courthouse following the conclusion of the hearing only subject to a qualified privilege.) The Florida court in *Sussman v. Damien*, stated that an absolute privilege did not apply because the allegedly defamatory statement was not relevant or material to the proceeding, not because the communication took place in an elevator. *See Sussman*, 355 So. 2d 809, 810-12 (Fla. App. 1977) (statement made in elevator regarding matters not relevant to the pending proceeding only subject to a qualified privilege.)

---

[3]   541 A.2d 621 (1988).

3

As set forth above, the letter at issue was sent only to those agencies which were addressing or handling Ms. Cloonan's various complaints, all of which are alleged to have contained allegations against Mr. Barnes. A copy of the letter was also sent to the Director of the United States Marshals Service ("Marshals Service"), the employer of both Ms. Cloonan and Mr. Barnes. Ms. Cloonan's EEO proceeding was pending at the Marshals Service and it was the Marshals Service that had allegedly "demoted" Ms. Cloonan. Mr. Barnes was identified as a witness and/or the protagonist in each of the proceedings where Ms. Cloonan had made accusations regarding his alleged behavior.

In determining whether the October 22, 2007 letter is protected by an absolute privilege, it is not relevant that Mr. Barnes was not a "party" in the MSPB proceeding because the privilege extends to attorneys for a client who is a "potential witness or party or otherwise connected with the proceeding." *See Oparaugo v. Watts*, 884 A.2d 63, 80-81 (D.C. 2005). Notably, the October 22, 2007 letter also states that Mr. Barnes intended "to enter a brief with the MSPB Administrative Judge to ensure that the record in this matter is set straight." Mr. Barnes' identification as a potential witness in the MSPB proceeding and the allegations against him both before the MSPB and the other agencies militate in favor of the application of the absolute privilege afforded in judicial proceedings. Accordingly, the statements made by Mr. Stein in the defense of his client in connection with Ms. Cloonan's various administrative complaints are protected.[4]

---

[4] Further, the agencies which received a copy of the letter are "quasi-judicial" in function. *See Whitacre v. Davey*, 727 F. Supp. 636 (D.D.C. 1988), *aff'd,* 890 F.2d 1168 (D.C. Cir. 1989), *cert. denied*, 497 U.S. 1038, 110 S. Ct. 3301 (1990) (EEO coordinator is quasi-judicial function); 5 U.S.C.A. § 1212(b) (Office of Special Counsel may administer oaths, examine witnesses, take deposition, receive evidence, issue subpoenas and orders); *Otherson v. Dep't of Justice*, 711 F.2d 267, 271 (D.C. Cir. 1983) (MSPB is a quasi-judicial body).

Plaintiff asserts in her opposition that the Office of Special Counsel had already concluded its proceeding before the letter from Mr. Stein was received. Ms. Cloonan does not make this allegation in her Complaint, and it should not properly be considered here on a motion to dismiss. However, even if the Court considers Ms. Cloonan's new allegations regarding the dismissal of the Office of the Special Counsel investigation, the absolute privilege still applies to bar Ms. Cloonan's claim. The correspondence attached to Plaintiff's Opposition as Exhibit 2, which bears several date stamps, states that the Office of Special Counsel closed Ms. Cloonan's file because of her failure to provide the Office with requested information. The letter also states that the complaint could be reopened upon the provision of the requested information. Ms. Cloonan does not dispute that she made allegations to the Office of Special Counsel about Mr. Barnes. She also does not dispute that she could have re-opened her complaint with the Office of Special Counsel by providing the information that had been requested. Therefore, the communication between Mr. Stein, on behalf of Mr. Barnes, on the one hand, and the Office of Special Counsel, on the other hand, regarding the allegations made by Ms. Cloonan is still protected as a communication preliminary to or in the course of a judicial proceeding. *See Marsh v. Hollander*, 339 F. Supp.2d 1, 8 (D.D.C. 2004) (the absolute privilege extends to pending and potential litigation, if the communication is related to the proceeding.)

**B.     The October 22, 2007 communication is protected by a qualified privilege**

Ms. Cloonan's characterization of the contents of the October 22, 2007 letter is irrelevant to the determination of whether a qualified privilege applies here. Mr. Barnes had an interest in

5

addressing the allegations made against him by Ms. Cloonan.  As stated in Mr. Stein's Motion to Dismiss, Mr. Stein's October 22, 2007 correspondence was intended to address the allegations that had been made against his client by Ms. Cloonan.

As noted above, the October 22nd letter was sent only to those agencies, including Mr. Barnes and Ms. Cloonan's employer, the U.S. Marshals Service, having an interest in the proceedings that Ms. Cloonan had filed and which named Mr. Barnes as a witness or a responsible party.  *See Moss v. Stockard*, 580 A.2d 1011, 1024-25 (D.C. App. 1990) (applying a qualified privilege to communications made to people involved or otherwise interested in the proceedings.)  There is a common interest between Mr. Barnes and the parties to whom he directed his attorney, Mr. Stein, to communicate with regarding Ms. Cloonan's allegations and the October 22nd communication is, therefore, protected by a qualified privilege.

### C.   Conclusion

The application of an absolute or qualified privilege is designed to allow an attorney the ability to protect his client's interests, without fear of reprisal from opposing counsel.  Such threats of liability chill the ability of an attorney to function as an adequate client representative.  Mr. Stein's letter was sent in defense of Mr. Barnes to the agencies where allegations had been made against him by Ms. Cloonan, the Plaintiff herein.  Accordingly, the absolute privilege should protect communications made pursuant to these quasi-judicial proceedings.  In the alternative, the communication is subject to a qualified privilege.  In conclusion, Plaintiff's Complaint against Defendant Paul T. Stein should be dismissed with prejudice.

Respectfully submitted,

*/s/ Pamela A. Bresnahan*
Pamela A. Bresnahan (D.C. Bar No. 366735)
Elizabeth Treubert Simon (D.C. Bar No. 467272)
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W., 11th Floor
Washington, D.C. 20036
(202) 467-8800 (telephone)
(202) 467-8900 (facsimile)

Attorneys for Paul T. Stein, Esquire

## **CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b)(2)(D) and Local Civil Rule 5.4, I hereby certify that on this 14th day of August, 2008, a copy of the foregoing Defendant Paul T. Stein's Reply Memorandum in Further Support of Motion to Dismiss was filed electronically. Service of this filing to all parties, including those listed below, will be accomplished by operation of the Court's ECF system to:

Kevin Byrnes
Grad, Logan & Klewans, P.C.
3141 Fairview Park Drive
Suite 350
Falls Church, VA 22042

Christopher Blake Harwood
U.S. Attorney's Office
555 Fourth Street, NW
Suite 4220
Washington, DC 20530

/s/ Pamela A. Bresnahan
Pamela A. Bresnahan