UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA CLOONAN,<br><br>               Plaintiff,<br><br>      v.<br><br>ERIC H. HOLDER, Jr., Attorney General, et al.,<br><br>               Defendants. | Civil Action 08-00700  (HHK) |

**MEMORANDUM OPINION AND ORDER**

Sheila Cloonan, an employee of the United States Marshals Service, brings this action against Eric H. Holder, Jr.,[1] Attorney General of the United States; John F. Clark, Director of the United States Marshals Service ("USMS"); David Barnes, a supervisor with the USMS (collectively, the "federal defendants"), and Paul T. Stein, Barnes's former attorney. Cloonan brings defamation claims against Stein and Barnes in their personal capacities, and a claim against Barnes, in his official capacity, alleging that he violated the Privacy Act, 5 U.S.C. § 552a.

Before the court is Stein's motion to dismiss [#11] and the federal defendants' motion to dismiss and for summary judgment [#12]. Upon consideration of the motions, the opposition thereto, the argument of counsel at a hearing, and the record of this case, the court concludes that Stein's motion to dismiss should be denied, the federal defendants' motion to dismiss Cloonan's defamation claim should be granted, and the federal defendants' motion for summary judgment on Cloonan's Privacy Act claim should be denied without prejudice.

---

[1] Attorney General Holder is substituted as a party pursuant to Fed. R. Civ. P. 25(d).

## I. BACKGROUND

Cloonan is a "long time employee" of the United States Marshals Service ("USMS"), stationed in Georgia, where she resides. Compl. ¶¶ 7, 17.[2] Barnes is one of Cloonan's supervisors at the USMS and works in Virginia. Federal Defs.' Mot. to Dismiss and Summ. J. [#12] at 14. Since 2006, Cloonan has filed several complaints "about the conduct and practices used by Mr. Barnes," ¶ 1, including an unsafe work environment due to Barnes' misapplication of funds, ¶ 22, and sex and age discrimination, ¶¶ 24, 27. On August 3, 2007, Cloonan filed an administrative appeal against the USMS[3] before the Merit Systems Protection Board ("MSPB") regarding her involuntary transfer and downgrade in June 2007, and named Barnes as a "possible witness" to that action. ¶ 28.

Cloonan's claims in this case arise from a letter authored by Barnes' attorney, Paul Stein, on October 22, 2007. ¶¶ 32-37, Exh. 1 (Stein letter dated October 22, 2007) ("Letter"). The Letter, which Cloonan alleges is defamatory, was addressed to Joseph M. Band, Senior Counsel in the Office of General Counsel of the USMS, and copied to:

> Scott Bloch, Director of the United States Office of Special Counsel;
> Mr. Kevin Byrnes, Cloonan's attorney;
> John F. Clark, Director of the USMS;
> Anthony W. Cummings, Merit Systems Protection Board Administrative Judge;
> JoAnn Grady, of the USMS Equal Opportunity Office, and
> Jacob A. Stein, Barnes' attorney.

---

[2] Unless otherwise noted, all "¶" numbers refer to paragraphs in Cloonan's Complaint [#1].

[3] Cloonan's complaint states that one of her administrative complaints and the administrative appeal were filed against "the Agency," ¶¶ 27-28, which the court assumes is the USMS.

¶ 32, Exh. 1.  In addition to her claim that the Letter is defamatory, Cloonan alleges that it violated the Privacy Act because it contained information Barnes had collected from her "employment record," ¶ 36, and Equal Employment Opportunity ("EEO") complaint records, ¶ 27.

## II.   ANALYSIS

Stein moves to dismiss Cloonan's defamation claim against him on the grounds that the Letter is protected by an absolute privilege, or alternatively, a qualified privilege.  The federal defendants move to dismiss Cloonan's defamation claim contending that, because Barnes was acting in the scope of his employment with the federal government when the allegedly defamatory statements attributed to him were made, the United States must be substituted as the sole defendant and the claim deemed an action brought under the Federal Tort Claims Act ("FTCA").  So construed, the federal defendants argue, the defamation act must be dismissed because the United States is immune from FTCA suits for defamation.  Finally, the federal defendants move for summary judgment on Cloonan's Privacy Act claim, because Barnes did not obtain the information in the Letter from Cloonan's records.  Each of these arguments will be addressed in turn.

**A.    Stein's Motion to Dismiss Defamation Claim**

Stein, who formerly served as counsel to Barnes, contends that the court should dismiss Cloonan's defamation claim against him on the grounds that the Letter is absolutely privileged. He claims the Letter is protected by the judicial proceedings privilege because it was sent to individuals involved in quasi-judicial proceedings filed by Cloonan in which Barnes "was identified as a witness and/or a party."  Memo. in Support of Stein's Mot. Dismiss [#11] at 6

("Stein's Mot. Dismiss").  Alternatively, Stein argues that the Letter is protected by a qualified privilege because he sent it to parties with a corresponding interest.

The judicial proceedings privilege Stein invokes "is well-settled in District of Columbia law."[4]  *Messina v. Krakower*, 439 F.3d 755, 760 (D.C. Cir. 2006).  The District of Columbia has adopted the articulation of the privilege as set forth in the Restatement (Second) or Torts:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

*Id.* (*quoting Restatement (Second) of Torts* 586); *see also Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 338 (D.C. 2001).  Thus, for the privilege to apply, "(1) the statement must have been made in the course of, or preliminary to a judicial proceeding; and (2) the statement must be related in some way to the underlying proceeding."  *Messina*, 439 F.3d at 760 (*quoting Arneja v. Gildar*, 541 A.2d 621 (D.C. 1988)).[5]  Accordingly, the privilege does not apply "under circumstances where the defamatory statements, though ostensibly in the

---

[4]  Regarding choice of law, the D.C. Circuit has held that "the law to be applied is that of the place where the plaintiff suffered injury by reason of his loss of reputation."  *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 857 (D.C. Cir. 2006) (internal quotation omitted).  Although Cloonan's opposition to Stein's motion to dismiss states that she "believes that either the law of Maryland (where the letter originated) or the law of the District of Columbia (where the letter was addressed) applies to this defamation count," Opp'n to Stein's Mot. to Dismiss [#16] at 5, her complaint specifically alleges that "the acts complained of were directed toward and caused harm to Plaintiff in District of Columbia." ¶ 16.  Because Stein does not dispute the application of D.C. law, that is the law the court will apply.

[5]  "[W]hile the communication, to trigger the privilege, must have some relation to the proceeding, it need not be relevant in the legal sense; it suffices that it has enough appearance of connection with the case . . . so that a reasonable man might think [it] relevant."  *Hobley v. KFC U.S. Properties, Inc.*, 2006 WL 249981, at *5 (D.D.C. Jan. 31, 2006) (*quoting United States v. Hurt*, 543 F.2d 162, 167 (D.C. Cir. 1976)).

course of pertinent investigation or preparation, were published to persons not having an interest or connection to the litigation, or where the defamatory statements did not have a sufficient relation to the subject matter of the litigation." *Finkelstein*, 774 A.2d at 342 (internal quotation omitted).[6] If the privilege does apply, it is absolute, protecting the attorney from liability in a defamation action regardless of "'his purpose in publishing the defamatory matter, his belief in its truth, or even his knowledge of its falsity.'" *Messina,* 439 F.3d at 760 (*quoting Finkelstein*, 774 A.2d at 338).

    The District of Columbia Court of Appeals has "signaled that trial courts should rule as early as possible on the existence of an absolute privilege." *See, e.g., Finkelstein*, 774 A.2d at 340-41; *see also Marsh v. Hollander*, 339 F. Supp. 2d 1, 6 (D.D.C. 2004). Addressing the privilege as early as possible in the proceedings helps protect attorneys "not only from civil liability but also from the danger of even an unsuccessful civil action." *Marsh*, 339 F. Supp. 2d at 7 (internal quotation omitted). In deciding a motion to dismiss a defamation claim on the basis of privilege like this one, the court must "make a preliminary determination of whether the statement is protected as a matter of law by a privilege such that the case must be dismissed at this stage, assuming all of the facts alleged by Plaintiff to be true and resolving all ambiguities and doubts in Plaintiff's favor." *Id.*

    In this case, resolving doubt in the plaintiff's favor, as the court must, *id.* at 7, Stein has not met his burden to demonstrate that his Letter is entitled to either absolute or qualified

---

[6] The District of Columbia has extended the privilege "to encompass quasi-judicial proceedings conducted by administrative bodies and private arbitration proceedings." *White v. Fraternal Order of Police*, 909 F.2d 512, 524 (D.C. Cir. 1990) (*citing Mazanderan v. McGranery*, 490 A.2d 180, 181-182 (D.C. 1984)).

privilege. Specifically, Stein has not demonstrated the "proceeding" to which the Letter relates;[7] whether Stein participated in the proceeding as counsel; and whether the Letter's recipients had an interest in or connection to the proceeding.

As to the proceeding or proceedings to which the Letter relates, the circumstances are far from clear. Stein argues that plaintiff "interjected Mr. Barnes into the *administrative proceedings* that she had initiated before the Merit Systems Protection Board ('MSPB') by identifying him as a witness to the action." Stein Mot. to Dismiss at 5 (citing ¶31)(emphasis added). Yet Stein also contends that the Letter was "sent in connection with *a number of pending and potential proceedings involving Mr. Barnes and Ms. Cloonan*." Reply in Support of Stein's Mot. to Dismiss [#18] at 3 (emphasis added). For her part, Cloonan maintains that at the time the Letter was sent, there was *no* proceeding to which Cloonan was a party in which Scott J. Bloch, the Director of the Office of Special Counsel; John F. Clark, the Director of the Marshals Service; or JoAnn Grady, the Chief EEO Officer of the Marshals Service had any interest or connection. Cloonan also asserts that the Office of Special Counsel had no active investigation or proceeding involving Cloonan as of October 22, 2007, the date of the Letter, as evidenced by a letter she attaches to her opposition to Stein's motion to dismiss dated either August 31, 2007, or September 6, 2007. Opp'n to Stein's Mot. to Dismiss Exh. 2 (Sheth Letter to Cloonan).

Further, Stein's Letter refers to Cloonan's appeal before the Merit Systems Protection Board ("MSPB"), which Cloonan alleges she filed on August 3, 2007, ¶ 28:

---

[7] In order to be eligible for the judicial proceedings privilege, the Letter must relate only to "a proceeding" — it need not relate the particular proceeding to which Stein contends it relates. Nevertheless, the identification of the proceeding at issue is critical because Stein is entitled to immunity only if he participated in that particular proceeding as counsel and only if the recipients of the Letter were sufficiently related to that proceeding.

> Evidently, Ms. Cloonan has been involved in multiple, false complaints for the past several years with various entities that include the USMS Equal Employment Opportunity Office; the U.S. Office of Special Counsel; the USMS Office of Internal Affairs; and the Department of Justice (DOJ), Office of Inspector General, the federal Occupational Safety and Health Administration, and Mr. Barnes' supervisors. It appears that Ms. Cloonan's latest attempts to villify Mr. Barnes now lays at the doorstep of the Merit Systems Protection Board (MSPB) in an attempt to obfuscate the facts of her case."

Stein writes that "[i]f necessary we intend to enter a brief with the MSPB Administrative Judge to ensure that the record in this matter is set straight . . . ," Letter at 2.

Despite these references to the MSPB appeal, the first paragraph of the Letter suggests that it has another purpose:

> *Mr. Barnes will shortly have legal matters before the Department of Justice,* which may conflict with other cases, including those involving specific USMS employees such as Mr. Sheila Cloonan. Mr. Barnes therefore, has asserted his right to representation by Counsel, and demands reimbursement of lawyer fees for any contacts made of him by Ms. Cloonan's lawyer because of her continued harassment.

Letter at 1 (emphasis added).

In addition, rather than defending against claims *by* Cloonan, the Letter goes on to focus on Barnes' complaints of a hostile work environment created by her. *Id* (Barnes was not "privileged" to a "work place safe and free from harassment, intimidation and threats" due to Ms. Cloonan's allegedly "unfounded, false, [sic] allegations against Mr. Barnes."); *id.* at 2 (Ms. Cloonan's "actions have created and perpetuated a hostile work environment that violated [Barnes'] privacy rights, as Mr. Barnes has literally been stalked by Ms. Cloonan by her filing multiple, unsubstantiated false complaints, and overt threats."); *id*. at 3 (Ms. Cloonan "repeatedly threatened this manager, continually filing complaints and gossiping, which subsequently created a hostile work environment for Mr. Barnes"). Indeed, the Letter states that "Chief Barnes alleges that Ms. Cloonan's behavior in harassing and filing numerous false complaints and EEO's

7

against Mr. Barnes constitute misconduct as specified in the Department of Justice Standard Schedule of Disciplinary Offenses and Penalties." Exh. 1 at 3. Further,

> The information provided herein provides a clear and convincing demonstration that this employee's goal was to contribute toward the removal of a manager in her chain of command that tried to hold Cloonan accountable for her work and disruptive behavior on the job, and the employee repeatedly threatened this manager, continually filing complaints and gossiping, which subsequently created a hostile work environment for Mr. Barnes . . .

Letter at 3.

In his reply in support of his motion to dismiss, Stein contends that the Letter "was sent in defense of Mr. Barnes to the agencies where allegations had been made against him by Ms. Cloonan." If the proceeding at issue was Cloonan's MSPB appeal, in which Barnes was merely named as a "potential witness," however, the detail the Letter provides hardly seems necessary. On the other hand, if the proceeding at issue is the "legal matters" Barnes was to "shortly have . . . before the Department of Justice," Letter at 1, the court has no information regarding the individuals who did or did not have an interest in these proceedings.

Morever, even assuming that the proceeding at issue in the Letter is Cloonan's MSPB appeal, Stein must demonstrate that he was acting as counsel in that proceeding and that the recipients of the Letter had an interest in or connection to it. Stein fails to do so.

It is unclear whether Stein participated in the proceeding as counsel, as is required to claim the privilege. *See Oparaugo v. Watts*, 884 A.2d 63, 81 (D.C. 2005) ("[M]erely acting as an attorney is insufficient; the attorney must participate as counsel in the relevant proceeding."); *Restatement (Second) of Torts* 586 (An attorney is only afforded absolute privilege in the context of a proceeding "in which he participates as counsel."). Although Stein's motion to dismiss

identifies Barnes as his client, Stein's Mot. Dismiss at 1, and states that Jacob Stein is his "other attorney," *id.* at 3, the court reads the Letter to inform the recipients that Jacob Stein, not defendant Stein, is counsel to Mr. Barnes. The letter in pertinent part reads

> Please be advised that Dave Barnes, who is a management official at the United States Marshals Service (USMS), is represented by Jacob A. Stein, of the Law Offices of Stein, Mitchell and Mezines in Washington, DC.  Any requests for interviews or depositions for any case or action must be coordinated through Mr. Stein. . . . [P]lease refer all correspondence to Mr. Jacob Stein regarding any case, action or matter than involves Mr. Barnes.

Letter at 1, 4.  It is therefore unclear from the Letter, and not clarified by Stein's motion, in which proceedings Paul Stein participated as counsel and those in which Jacob Stein participated.  *See Oparaugo*, 884 A.2d at 81 ("Since appellees failed to show that [attorney] was participating as counsel in the . . . proceeding, it cannot be determined on this record that she is entitled to claim absolute privilege.").

Finally, even assuming that the MSPB appeal is the "proceeding" at issue, Stein fails to demonstrate how each of the individuals to whom the Letter is addressed or copied have an interest in or connection to the proceeding.  *See Messina*, 439 F.3d at 761-62 ("[A]s a corollary of the relatedness requirement, the privilege has been 'held to be inapplicable when it is published to persons not having an interest [in] or connection to the litigation.' ) (*quoting Finkelstein*, 774 A.2d at 342 (internal quotation omitted)).

All of Stein's statements regarding the Letter's recipients are conclusory, providing no information about the role each individual played in the proceeding.  *See, e.g.*, Stein's Mot. to Dismiss at 11 ("The letter sent by Mr. Stein was sent only to parties who were involved in, or connected with, the various complaints that had been filed by Ms. Cloonan naming Mr. Barnes,

9

either as an alleged offender or as a witness "); *id.* at 12 (arguing that the Letter is entitled to the common interest privilege: "Mr. Stein's communication was addressed to people involved or otherwise interested in those allegations and/or proceedings involving his client.); Reply in Support of Stein's Mot. to Dismiss at 4 ("[T]he letter at issue was sent only to those agencies which were addressing or handling Ms. Cloonan's various complaints, all of which are alleged to have contained allegations against Mr. Barnes. A copy of the letter was also sent to the Director of the United States Marshals Service. . . , the employer of both Ms. Cloonan and Mr. Barnes."). Although the court may be able to surmise how some of the individuals might relate to the MSPB, it is Stein's burden as the movant to do so. Because he fails to explain why they had an interest in the proceeding to which the Letter relates, the court cannot conclude that the Letter is entitled to absolute immunity under the judicial proceedings privilege.[8]

---

[8] For the same reason, the court rejects Stein's alternate argument that the Letter is entitled to a common interest privilege, which "protects otherwise defamatory statements made '(1) . . . in good faith, (2) on a subject in which the party communicating has an interest, or in reference to which he has, or honestly believes he has, a duty to a person having a corresponding interest or duty, (3) to a person who has such a corresponding interest.'" *Mastro*, 447 F.3d at 858 (*quoting Moss v. Stockard*, 580 A.2d 1011, 1024 (D.C. 1990)). The defendant bears the burden of proving the elements of the common interest privilege. *Id.* Because Stein fails to identify what interests the Letter's recipients have, the court cannot find that the Letter is protected by the common interest privilege.

**B.**     **Federal Defendant's Motion to Dismiss Defamation Claim**

The federal defendants move to dismiss Cloonan's defamation claim against Barnes in his personal capacity, arguing that the United States should be substituted for Barnes because Barnes's actions in connection with the Letter were within the scope of his employment. Defendants assert that once the United States is the sole defendant, the court will lack subject-matter jurisdiction because the United States has not waived its sovereign immunity as to defamation claims under the Federal Tort Claims Act. Cloonan responds that Barnes "was clearly not acting within the scope of employment, as a matter of law, when he published through his attorney a defamatory letter which also violated the Privacy Act." Cloonan's Opp'n to Federal Defs.'s Mot. to Dismiss and Summ. J. [#17] at 12. "In any event," Cloonan maintains, "the issue should at the very least be determined by the trier of fact under either District of Columbia or Virginia law." *Id.*[9] The federal defendants' position has merit.

---

[9] Although Cloonan argues that District of Columbia law should apply because the Letter was mailed to D.C., Virginia law applies to the scope-of-employment issue because Barnes was employed in Virginia. *Majano v. United States,* 469 F.3d 138, 141 (D.C. Cir. 2006) ("Scope of employment questions are governed by the law of the place where the employment relationship exists."). Specifically, Virginia courts hold that an act is within the scope of employment

> if (1) it was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed, although mistakenly or ill-advisedly, with the intent to further the employer's interest, or from some impulse or emotion that was the natural consequence of an attempt to do the employer's business, "and did not arise wholly from some external, independent, and personal motive on the part of the [employee] to do the act upon his own account."

*Heckenlaible v. Virginia Peninsula Regi'l Jail Auth.*, 491 F. Supp. 2d 544, 549 (E.D. Va. 2007) (quoting *Kensington Assocs. v. West*, 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987)).

### *1. Substitution of the United States as the Sole Defendant*

The Westfall Act, 28 U.S.C. § 2679, immunizes federal employees from liability for torts committed within the scope of their employment. The Act provides that, upon certification by the U.S. Attorney General or his designee that an employee acted within the scope of her employment at the time of an allegedly tortious incident, the United States will be substituted as the defendant. 28 U.S.C. § 2679(d)(1). The Attorney General's designee, Rudolph Contreras, the Chief of the Civil Division of the United States Attorney's Office for the District of Columbia, has certified that Barnes' actions in connection with the Letter were within the scope of his employment. Federal Defs.'s Mot. to Dismiss and Summ. J. Exh. 2. ("Scope of Employment Certification"). The Attorney General's certification establishes a presumption that Barnes acted within the scope of his employment when the allegedly defamatory statements were made. Accordingly, the burden shifts to Cloonan to rebut this presumption with evidence that Barnes acted outside the scope of his employment. *Gutierrez de Martinez v. Drug Enforcement Admin*, 111 F.3d 1148, 1155 (4th Cir. 1997) ("[T]he scope-of-employment certification is prima facie evidence that the defendant federal employee acted within the scope of his employment, thereby placing the burden on the plaintiff to prove otherwise. If the plaintiff does not come forward with any evidence, the certification is conclusive."); *see also Council on American Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006) ("A plaintiff challenging the government's scope-of-employment certification bears the burden of coming forward with specific facts rebutting the certification.") (internal quotation omitted).

Cloonan does not allege any facts to rebut the Attorney General's certification that Barnes was acting within the scope of his employment.[10]  To the contrary, Cloonan states that Barnes' actions took place during regular duty hours, Opp'n to Federal Defs.' Mot. to Dismiss and Summ. J. at 10; and that the Letter "relied upon information obtained by David Barnes in his *official capacity* as a supervisory employee of the Agency." ¶ 34 (emphasis added).  Cloonan's allegations in her opposition are not facts that rebut the certification but rather are conclusory assertions that Barnes' conduct must have been outside the scope of his employment because he both violated the Privacy Act and defamed her.  Cloonan's argument is both circular and entirely misplaced because the court's ultimate determination of the merits of Cloonan's cause of action is unrelated to whether Barnes' actions were in the scope of his employment.  *See, e.g., Gutierrez de Martinez*, 111 F.3d at 1156 ("For the most part, Virginia courts take a fairly broad view of scope of employment, and hold that even intentional torts may be within the scope of employment.").  Rather than whether the conduct in question was tortious or wrongful, the inquiry of whether an employment acts within the scope of his employment "focus[es] chiefly on whether the tortious or intentional wrongful conduct was sufficiently related in time, place, and

---

[10] At oral argument, for the first time, plaintiff's counsel argued that discovery is necessary to determine whether Barnes acted in the scope of his employment.  As an initial matter, Fed. R. Civ. P. 56(f)(2) makes clear that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken."  Plaintiff's counsel submitted no such affidavit.  In addition to failing to follow the appropriate procedure to obtain discovery, plaintiff has not plead sufficient facts to show that discovery is necessary.  *Compare Stokes v. Cross*, 327 F.3d 1210, 1216 (D.C. Cir. 2003) (holding that plaintiff was entitled to discovery because he "plead sufficient facts that, if true, would rebut the [Attorney General's] certification.").

causation to the employee's duties to be attributable to the employer's business." *Gulf Underwriters Insurance Co. v. KSI Servs., Inc.*, 416 F. Supp. 2d 417, 421 (E.D. Va. 2006).

Because Cloonan does not rebut the Attorney General's certification, the court finds that the certification is conclusive and that Barnes acted within the scope of his employment. Accordingly, the United States is the proper defendant for Cloonan's defamation claim.

### 2. *Sovereign Immunity*

Having determined that the United States is the proper defendant for Cloonan's defamation claim, the court turns to the federal defendants' argument that this court lacks subject matter jurisdiction due to the sovereign immunity of the United States.

The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States with respect to some, but not all, torts. Those torts for which the United States retains immunity are enumerated in 28 U.S.C. § 2680(h). Among such claims are those for slander and libel. As a result, Cloonan's claim of defamation cannot survive the federal defendants' motion to dismiss. *See, e.g, Klugel v. Small*, 519 F. Supp. 2d 66, 73-75 (D.D.C. 2007).

### C.   Federal Defendants' Motion for Summary Judgment on Cloonan's Privacy Act Claim

The federal defendants move for summary judgment on Cloonan's Privacy Act claim because the information Barnes disclosed to Stein — which Stein then incorporated into the Letter — was obtained not from Cloonan's employment records but rather from Barnes' "own personal experiences with [Cloonan] and from his communications from others who had also interacted with [Cloonan] and had shared their experiences with him." Federal Defs.' Mot. to Dismiss and Summ. J. at 11. The court agrees with Cloonan that the issues presented by her Privacy Act claim should be decided only after the parties have had an opportunity for discovery.

### III.  CONCLUSION

For the foregoing reasons, it is by the court this 9th day of March 2009, hereby

**ORDERED** that Stein's motion to dismiss is **DENIED**; and it is further

**ORDERED** that the federal defendants' motion to dismiss Cloonan's defamation claim against Barnes is **GRANTED**; and it is further

**ORDERED** that the federal defendants' motion for summary judgment on Cloonan's Privacy Act claim is **DENIED** without prejudice.

Henry H. Kennedy, Jr.<br>
United States District Judge